# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GJETO PRELAJ,

    Petitioner,

v.

D.K. WHITE,

    Respondent.

: CIVIL ACTION NO. 3:20-CV-993
: (JUDGE MARIANI)
: (Magistrate Judge Carlson)

## ORDER

**AND NOW, THIS** \_\_5th\_\_ **DAY OF JANUARY 2021**, upon review of Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R") (Doc. 7) for clear error or manifest injustice, **IT IS HEREBY ORDERED THAT**:

1. The R&R (Doc. 7) is **ADOPTED** for the reasons set forth therein;[1]

---

[1] By way of clarification, the Magistrate Judge's statement that this case is an example of an unexhausted petition "since there is no record of Prelaj ever attempting to raise these COVID-related release issues administratively with the Bureau of Prisons prior to filing this petition for writ of habeas corpus" (Doc. 7 at 4) is accurate insofar as it relates to Petitioner's failure to exhaust administrative avenues for relief for any claim raised in his Petition (*id.* at 2). Though Petitioner did not file any administrative grievance, he states that he raised the issue of his release to home confinement in a request to the Warden: "On or about April 10, 2020, Petitioner submitted a formal request to the Warden at LSCI Allenwood to be placed on home confinement under the cares act." (Doc. 1 at 2 ¶ 13.) Petitioner adds that "[o]n April 16, 2020, Petitioner received the denial notice from Warden D.K. White because of his immigration detainer." (*Id.* ¶ 13.)

Petitioner also asserts that the administrative remedy process is moot because he is being held by an "INS/DHS" detainer and, therefore, exhaustion does not need to be satisfied prior to filing the petition." (Doc. 1 at 2 ¶ 19.) Petitioner's conclusory statement does not satisfy his burden of showing that exhaustion is futile. As stated by the Magistrate Judge, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" (Doc. 7 at 5 (quoting *Ross v. Martinez*, No. 09-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009)).) Notably, other courts have concluded that defendants with ICE detainers are not categorically ineligible for COVID-related sentence

2. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**;

3. There is no basis for the issuance of a Certificate of Appealability;

4. The Clerk of Court is directed to **CLOSE THIS CASE**.

*[signature]*

Robert D. Mariani
United States District Judge

---

reduction programs: " . . . under normal BOP guidelines, defendants with ICE detainers are ineligible for sentence reduction programs. However, . . . new Department of Justice directives instruct the BOP to consider 'all at-risk inmates—not only those who were previously eligible for transfer' into home confinement." *United States v. Al-Jumail*, 459 F. Supp. 3d 857, 866 (E.D. Mich. 2020) (citing 04-03-2020 Directive to BOP, at 2).

    Though not raised in the Petition under consideration here, the Court further notes that inmates pursuing COVID-related release or reassignment may also seek relief under the First Step Act, 18 U.S.C. § 3582(c), in the sentencing court which, in this case, is the United States District Court for the Southern District of New York. (Doc. 1 at 1-2 ¶ 6.) This provision contains its own exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), distinct from that at issue here. *See, e.g.*, *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020); *United States v. Delacruz*, Crim. No. 3:17-CR-77, Crim. No. 3:17-CR-201, 2020 WL 34-5723, at *2 (M.D. Pa. June 19, 2020). Further discussion of the distinctions between CARES Act and First Step Act relief and exhaustion requirements is not warranted in that the latter is not at issue in this case.